UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMO HARRIS BANK N.A., | Case No. 1:24-cv-01517-JLT-HBK |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT[1] |
| v. | |
| HARJIT SINGH, | (Doc. No. 12) |
| Defendant. | 14 DAY OBJECTION PERIOD |

Pending before the Court is Plaintiff's Motion for Default Judgment filed pursuant to Federal Rule of Civil Procedure 55(b)(2) on May 9, 2025. (Doc. No. 12, "Motion"). Plaintiff submits declarations with exhibits in support of its Motion. (Doc. Nos. 13, 14). Defendant has not answered or responded to the Complaint, nor has Defendant filed any opposition or taken any action in this case. Having considered the moving papers, declarations, attached exhibits, and applicable law, the undersigned recommends that the district court grant Plaintiff's Motion for Default Judgment.

////

---

[1] This Motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(19) (E.D. Cal. 2019). The Court previously found the Motion suitable for decision without argument. (Doc. No. 16).

## I. BACKGROUND

On December 12, 2024, Plaintiff BMO Bank, f/k/a BMO Harris Bank N.A. ("BMO") filed a complaint against Defendant Harjit Singh, an individual resident and citizen of California. ("Singh"). (Doc. No. 1, "Complaint"). Plaintiff is a national association with its main office located in Chicago, Illinois, and was in the business of providing financing to persons or entities engaged in commercial trucking operations. (*Id*., ¶¶ 4,7). Defendant Singh operates his own trucking company and is a citizen of California who resides in Fresno, California. (*Id*., ¶¶ 5, 6). The Complaint alleges breach of contract claims against Singh, and seeks monetary damages, specific performance, and injunctive relief. (*Id*. at 5-9). The Complaint alleges the following facts.

Plaintiff and Defendant Singh entered into two Loan and Security Agreements (collectively referred to as "Agreements"), whereby Plaintiff agreed to finance on behalf of Defendant the purchase vehicles (collectively referred to as "Vehicles") for use in Defendant's business. (*Id*. at 2-3). Copies of the Loan and Security Agreements are attached to and incorporated into the Complaint as Exhibit 1 and 2, respectively. (*Id.* at 11-22). As consideration, Defendant granted Plaintiff a first-priority security interest in the vehicle. (*Id*., ¶¶ 11, 12). Plaintiff perfected its security interest in the vehicle by recording its lien on the Certificates of Title. *(Id*., ¶13, Exhibit 3 at 24-25).

**A. Loan Agreement and the Security Interests**

1. Agreement 2001

Loan and Security Agreement 2001 ("Agreement 2001") was executed on or about August 6, 2021. (*Id*., ¶ 8). The Agreement provided for the purchase of a 2022 Utility Refrigerated Vans 53' With 2022 Thermo King S600, Vehicle ID No. 3UTVS253XN8706203 (the "2001 Vehicle"), in the amount of $94,139.40, including interest, pursuant to specified terms and conditions. (*Id*., ¶¶ 8, 11). A copy of Agreement 2001 is attached to the Complaint as Exhibit 1. (*Id.* at 11-15).

2. Agreement 5001

Loan and Security Agreement 5001 ("Agreement 5001") was executed on or about June

21, 2022.  (*Id.*, ¶ 9).  The Agreement provided for the purchase of a 2023 Utility Refrigerated Vans 53' With 2022 Thermo King S600, Vehicle ID No. 1UYVS2532P2768318 (the "5001 Vehicle"), in the amount of $126,148.80, including interest, pursuant to specified terms and conditions.  (*Id.*, ¶¶ 9, 11).  A copy of Agreement 5001 is attached to the Complaint as Exhibit 2.  (*Id.* at 17-22).

**B.  Default and Calculation of Judgment**

Plaintiff alleges Defendant is in default on the Agreements for his failure to pay the amounts due, beginning with the payments due under Agreement 2001 on July 1, 2024, the payment due under Agreement 5001 on July 6, 2024, and all payments due thereafter.  (*Id.*, ¶ 15).  As a result of the default, Plaintiff has accelerated the amounts due consistent with the terms of the Agreements.  (*Id.*, ¶ 16).

In its current Motion, Plaintiff asserts the following amounts on the Agreements are due, which includes principal plus interest, repossession charges, and other fees:

1. Agreement 2001
    1. Principal: $38,553.66
    2. Interest and Fees: $4,905.65 (calculated through April 22, 2025), plus $19.28 per day thereafter
    3. Total: $43,459.31
2. Agreement 5001
    1. Principal: $62,732.59
    2. Interest and Fees: $8,906.47 (calculated through April 22, 2025), plus $31.37 per day thereafter
    3. Total: $71,639.06

(Doc. No. 12 at 7-8).

In support, Plaintiff points to the Agreements, which provide that Defendant must pay all expenses resulting from retaking, holding, preparing for sale, and selling the Vehicle upon default. (Doc. No. 1, ¶ 22).  Additionally, Defendant is obligated to pay the attorney's fees and costs incurred by Plaintiff in the enforcement of its rights under the Agreement.  (*Id.*, ¶ 23).

3

1  Plaintiff noticed Defendant of his defaults and of Plaintiff's election to accelerate the loans
2  evidenced by the Agreements by letter dated November 27, 2024.  (*Id*., ¶ 24, Exhibit 4).  Plaintiff
3  demanded Defendant pay the amounts due and surrender the subject Vehicle.  (*Id*.).  Defendant
4  did not pay the amounts due and owing under the Agreements, and Plaintiff has been unable to
5  recover possession of the Vehicles.  (*Id*., ¶¶ 25, 27).  Upon repossession, Plaintiff intends to resell
6  the subject Vehicle in a commercially reasonably manner and the money judgment entered herein
7  will be credited with the net sales proceeds.  (Doc. No. 12 at 12).
8        Plaintiff served Defendant Singh with Plaintiff's Complaint on March 10, 2025.  (Doc.
9  No. 9).  After Defendant failed to appear or answer, Plaintiff requested and obtained a clerk's
10 entry of default under Federal Rule of Civil Procedure 55(a) on April 18, 2025.  (Doc. Nos. 10,
11 11).  On May 9, 2025, Plaintiff moved for default judgment on its breach of contract claim in the
12 amount of $120,453.55 which includes $4,550.00 in attorneys' fees, $805.18 in costs, and
13 immediate possession of the Vehicles.  (*Id*. at 5-6).  (Doc. No. 12 at 6).

## II. APPLICABLE LAW

15       Federal Rule of Civil Procedure 55(b)(2) allows the court to enter judgment against a
16 party following the clerk of court's entry of default under 55(a).  The court cannot enter default
17 judgment if the defendants were not properly served.  *Mason v. Genisco Tech. Corp.*, 960 F.2d
18 849, 851 (9th Cir. 1992).  If the court determines service was proper, the court must undertake an
19 analysis applying the "*Eitel*" factors enumerated in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th
20 Cir. 1986) before entering a default judgment.  Specifically, the court considers the following
21 factors: (1) the potential prejudice to the plaintiff, (2) the underlying claim's merits and
22 sufficiency, (3) the amount of money at stake, (4) the possibility of a factual dispute, (5) whether
23 the default resulted from excusable neglect, and (6) the court's overriding preference to issue
24 decisions on the merits.  (*Id*).
25       After the clerk enters a default, the court shall accept "as true all factual allegations in the
26 complaint, except those as to the amount of damages."  *Yoon Chul Yoo v. Arnold*, 615 F. App'x.
27 868, 870 (9th Cir. 2015); Fed. R. Civ. P. 8(b)(6).  Allegations about "the amount of damages must
28 be proven."  *Strojnik v. JW World Enterprises, Inc. Best W. Bakersfield N*., 2021 WL 22137, at *1

(E.D. Cal. Jan. 4, 2021). The court also does not accept facts that are not well pled or statements that constitute conclusions of law. *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1078 (C.D. Cal. 2012). Ultimately, the decision of whether to grant a default judgment lies within the discretion of the court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

### III. ANALYSIS

**A. Jurisdiction**

The Complaint invoked this Court's jurisdiction under 28 U.S.C. § 1132(a). (Doc. No. 1, ¶ 1). Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). The amount in controversy "encompasses all relief a court may grant . . . if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018). Additionally, it represents "the *maximum* recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019). The amount in controversy is calculated based on the well-pleaded allegations in the complaint. *See Chavez*, 888 F.3d at 416. Here, the amount in controversy is satisfied as the Complaint seeks monetary damages of $101,286.25 in principal alone. (Doc. No. 12 at 12).

Regarding the diversity prong, national banking associations are "deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. For purposes of diversity, a bank is "located" in the state designated in its articles of association as its main office. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Under § 134, a national banking association is a citizen only of the state in which its main office is located. *See Rouse v. Wachovia Mortg.*, FSB, 747 F.3d 707, 709 (9th Cir. 2014). Plaintiff states its main office in the articles of association is in Chicago, Illinois. (Doc. No. 1, ¶ 4). Therefore, for purposes of diversity jurisdiction, Plaintiff is located in Illinois and is a citizen of Illinois. *See Wachovia Bank*, 546 U.S. at 318.

Corporations are deemed to be citizens of the state by which it has been incorporated and of the State where it has its principal place of business. *Okamoto v. Bank W. Corp.*, 115 F. App'x

5

1    410, 410 (9th Cir. 2004). Individuals are deemed to be citizens of the state in which they are

2    domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). According to

3    the Complaint, Defendant Singh "is a citizen of the state of California residing at 3661 W. Shields

4    Avenue #202, Fresno, California 93722." (Doc. No. 1, ¶ 5).

5    The Court finds Plaintiff has established that the amount in controversy exceeds the

6    $75,000 threshold as well as complete diversity between the parties named in the lawsuit to

7    satisfy that this Court that has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

8    Additionally, the Court has personal and general jurisdiction over Defendant Singh as he

9    is domiciled in Fresno, California. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S.

10   915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is

11   the individual's domestic domicile[.]").

12   **B. Defendant Was Properly Served with Process**

13   Federal Rule of Civil Procedure 4 sets forth the requirements for service within a judicial

14   district of the United States. Service is effectuated under Federal Rule of Civil Procedure 4(e) by

15   "following state law for serving a summons . . . in the state where the district court is located or

16   where service is made," or by "delivering a copy of [the summons and complaint] to an agent

17   authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(1)-(2).

18   Under California law, service of the summons and complaint is permitted by either personal

19   service or by leaving the papers with a "competent member of the household or a person

20   apparently in charge of his or her office [or] place of business," among other methods. Cal. Code

21   Civ. P. § 415.10-20. All methods require that the service be handled by an individual who is not

22   a party to the action. (*Id.*).

23   Here, the record reflects on March 10, 2025, a registered process server left the summons

24   and complaint at 3661 W. Shields Avenue #202, Fresno, California 93722 with a co-occupant

25   named Ajit Singh, at least 18 years of age, who was informed of the contents thereof. (Doc. No.

26   9). On March 12, 2025, a copy of the summons and complaint were also mailed through the

27   United States Postal Service via First-Class, postage prepaid to Defendant at the same address.

28   (*Id*. at 6).

6

       Accordingly, the Court finds that Plaintiff have complied with Rule 4. After Defendant failed to file a response to the Complaint, Plaintiff moved for and was granted a clerk's entry of default on April 18, 2025 against Defendant. (Doc. No. 11).

       **C. Application of the Six *Eitel* Factors**

            1. <u>Prejudice to Plaintiff</u>

       The Court first considers whether Plaintiff will suffer prejudice if a default judgment is not entered. *See PepsiCo, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, at 1177 (C.D. Cal. 2002). When a defendant neglects to respond to a complaint, a plaintiff lacks means to recover beyond a default judgment. *True Religion Apparel, Inc. v. Jet 2A*, 2009 WL 10671791, at *3 (C.D. Cal. Feb. 11, 2009). Here, the Court finds Plaintiff would be prejudiced if default judgment was not granted because, absent entry of a default judgment, Plaintiff will be without recourse against Defendant, given his unwillingness to participate in the action or pay the amounts due on the contract. (Doc. No. 12 at 8). The "[p]otential prejudice to the plaintiff militates in favor of granting default judgment." *See Vogel v. Rite Aid Corp.,* 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014). The first *Eitel* factor therefore weighs in favor of default judgment.

            2. <u>The Underlying Claim's Merits and Sufficiency</u>

       The court next weighs the merits and sufficiency of Plaintiff's Complaint. Default judgment will only be granted if Plaintiff's Complaint states a claim that supports the desired relief. *Wells Fargo Equip. Fin., Inc. v. Virk Sys., Inc.*, 2021 WL 347408, at *2 (E.D. Cal. Feb. 2, 2021). Plaintiff asserts a breach of contract action as its claim for relief. (*See generally* Doc. No. 1). Under California law, to prevail on a breach of contract claim, a plaintiff must show: (1) the existence of a contract; (2) performance by the plaintiff; (3) a breach by the defendant; and (4) damages. *See Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1399 (1990).

       The Court finds Plaintiff has established each of these elements. Plaintiff entered into Loan and Security Agreements with Defendant Singh. (Doc. No. 1, ¶¶ 8, 9). Plaintiff fully performed its obligations under the Agreements by financing Defendant's purchase of the subject Vehicles. (*Id.*, ¶ 29). Titles for each of the two vehicles are appended to the Complaint and reflect the "Owner" as Defendant Singh and the "Lienholder" as Plaintiff. (Doc. No. 1 at 24-25,

Exhibit 3). Defendant breached the terms of the Agreements by defaulting on their payments. (*Id.,* ¶¶ 14, 15). Plaintiff's prayer for relief also sets forth its claim for contractual monetary damages, including attorney's fees, interest, and costs. (*Id.,* ¶¶ 55, 56). Thus, the second and third *Eitel* factors support entry of default judgment.

### 3. The Amount of Money at Stake

Plaintiff seeks a default judgment of $120,453.55, which includes $4,550.00 in attorney's fees and $805.18 in costs. (Doc. No. 12 at 12). Default judgment is "is disfavored where large amounts of money are involved." *Christofferson v. All Pure Pool Serv. Of Cent. California, Inc.*, 2020 WL 3249323, at *19 (E.D. Cal. June 16, 2020), *report and recommendation adopted sub nom*; *Christofferson, v. All Pure Pool Serv. Of Cent. California, Inc*, WL 3819413 (E.D. Cal. July 8, 2020).

The bulk of Plaintiff's contractual damages consists of the principal amounts due from the purchase price of the Vehicles, $101,286.25. (Doc. No. 12 at 12). As discussed more fully below, Plaintiff submits evidence in support of its damages claim. The Court does not find this amount to be excessive as it is based upon Defendant's obligations under the terms of the Agreements. As such, the Court finds the fourth *Eitel* factor weighs in favor of granting default judgment.

### 4. The Possibility of a Factual Dispute

The Clerk of Court's entry of default requires the Court to accept Plaintiff's well-pled factual allegations as true. Despite being properly served, Defendant did not appear, answer, or otherwise respond. Thus, the only facts before the court are those presented by Plaintiff in the Complaint, which are well-pled and must be accepted as true. There is accordingly no factual dispute. *United Specialty Insurance Co. v. Saleh*, 2016 WL 4434479, at *2 (E.D. Cal. Aug. 22, 2016). Thus, the fourth *Eitel* factor does not preclude entry of a default judgment.

### 5. Whether the Default Resulted from Excusable Neglect

Defendant was properly served yet has not appeared since service was effectuated. When service is proper it suggests there was not excusable neglect. *USA Truck, Inc. v. Jugan Express Inc.*, 2020 WL 2128387, at *2 (E.D. Cal. May 5, 2020), *report and recommendation adopted*,

2020 WL 3451580 (E.D. Cal. June 24, 2020).  The Court therefore finds this fifth *Eitel* factor weighs in favor of default judgment.

### 6. The Court's Overriding Preference to Issue Decisions on the Merits

*Eitel* emphasizes the general rule is that "[c]ases should be decided upon their merits whenever reasonably possible." 782 F.2d at 1472.  However, the policy favoring decisions on the merit does not preclude entering default judgment when a defendant fails to appear because a decision on the merits is not possible. *Arroyo*, 2019 WL 4877573, at *11 (E.D. Cal. Oct. 3, 2019).  Therefore, the Court finds the sixth *Eitel* factor does onto preclude entry of default judgment.

In summary, the Court finds each of the above *Eitel* factors weigh in favor of default judgment and recommends default judgment be entered in favor of Plaintiff.  Having recommended default, the Court now turns the appropriate measure of damages.

**D. Relief Requested**

1. Contractual Damages

The Agreements provide that in the event of default, all indebtedness becomes immediately due and payable. (Doc. No. 13, Exhibit 1, ¶ 5.2, Exhibit 2, ¶ 5.2).  Further, Plaintiff is entitled to take possession of and dispose of the equipment and to have the debtor pay all interest and expenses incurred, including reasonable attorney's fees associated with the repossession and disposition. (*Id*., ¶¶ 5.2, 5.3).  According to the date of default under the Agreements, the total principal amount due and owing after acceleration is $101,286.25. (Doc. No. 12 at 12).  Calculated from the respective date of default, the total amount of accrued and unpaid interest, late charges, and other fees due and owing under the Agreements is an amount totaling not less than $13,812.12. (*Id*.).  Additionally, Plaintiff is entitled to daily interest under the Agreements until the date when final judgment is entered. (*Id*. at 5-6).  Finally, under the Agreements, upon default, Defendant is obligated to pay all expense of retaking, holding, preparing for sale, and selling the Vehicles. (*Id*. at 7, ¶ 15).  Calculated as of April 22, 2025, the amount due and owing under the Agreements, not including attorney's fees and costs for this Motion, is an amount not less than $115,098.37. (*Id*. at 8, ¶ 2).  These requested amounts are

1  supported by declaration. (Doc. No. 13). The Agreements and declaration constitute sufficient
2  proof that Plaintiff has sustained damages for the breaches under the Agreements and Defendant
3  has not appeared to oppose the request. The undersigned accordingly recommends judgment in
4  the amount $115,098.37, plus post-judgment interest against Defendant.

5      2.  Attorney's Fees and Costs

6  Plaintiff also seeks $4,550.00 in attorney's fees and $805.18 in costs under the
7  Agreements for bringing this Motion. (Doc. No. 12 at 6-7). "A federal court sitting in diversity
8  applies the law of the forum state regarding an award of attorney's fees." *Kona Enters., Inc. v.*
9  *Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). California law recognizes contractual
10 provisions allowing the collection of reasonable attorney's fees. Cal. Civ. Proc. Code § 1021
11 ("Except as attorney's fees are specifically provided for by statute, the measure and mode of
12 compensation of attorneys and counselors at law is left to the agreement, express or implied, of
13 the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter
14 provided."); *Gil v. Mansano*, 121 Cal. App. 4th 739, 742-43 (2004). Under the Agreements,
15 Defendant is obligated to pay the attorney's fees and costs incurred by Plaintiff in the
16 enforcement of its rights, including expenses of filing and prosecuting this action. (Doc. No. 12
17 at 8, ¶ 7; Doc. No. 13, Exhibit 1, ¶ 5.2). Thus, Plaintiff is therefore entitled to recovery of its
18 attorney's fees and costs.

19 To determine a reasonable attorney's fee, or "lodestar," the starting point is the number of
20 hours reasonably expended multiplied by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461
21 U.S. 424, 433 (1983). The undersigned, in considering what constitutes a reasonable hourly rate,
22 looks to the prevailing market rate in the relevant community. *Blum v. Stenson*, 465 U.S. 886,
23 895 (1984). The "relevant community" for the purposes of the lodestar calculation is generally
24 the forum in which the district court sits. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th
25 Cir. 2013).

26 The relevant community here is the Fresno Division of the Eastern District of California.
27 "In the Fresno Division of the Eastern District of California, across a variety of types of litigation
28 generally, attorneys with experience of twenty or more years of experience are awarded $325.00

1 to $400.00 per hour, attorneys with ten to twenty years of experience are awarded $250.00 to
2 $350.00 per hour, attorneys with five to ten years of experience are awarded $225.00 to $300.00
3 per hour, and less than $200.00 per hour for attorneys with less than five years of experience."
4 *Beard v. Cty. of Stanislaus*, No. 1:21-cv-00841-ADA-SAB, 2023 WL 199200, at *13 (E.D. Cal.
5 Jan. 17, 2023) (collecting cases).

6       Plaintiff attaches the declaration of Attorney Ken I. Ito in support of their request for
7 attorney fees and costs.  (Doc. No. 14).  Attorney Ito is an associate at the law offices of Hemar,
8 Rousso & Heald, LLP ("HRH"), who is counsel of record for Plaintiff.  (*Id*., ¶1).  Attorney Ito has
9 more than 13 years of professional experience, specializes in creditor rights and business and
10 commercial litigation, and has been admitted to practice in California since 2011.  (*Id*., ¶ 9).
11 Based on Attorney Ito's experience, the Court finds a rate of $325.00 per hour to be reasonable
12 for his services.

13       According to the declaration of Attorney Ito and the corresponding invoices for legal
14 services, Attorney Ito expended a total of 11 hours of work and billed the Plaintiff $3,575.00 for
15 attorney fees in relation to this matter through April 24, 2025.  (Doc. No. 14 at 5-10).  The Court
16 finds the amount of time billed to be reasonable and not excessive.  Further, the Court finds the
17 tasks billed by Attorney Ito as identified on the invoices to be tasks properly performed by an
18 attorney.

19       In addition to the hours billed, Attorney Ito declares that "to complete this Motion for
20 Default Judgement, assuming there will be no requirement to appear at the Motion for Default
21 Judgement, it is anticipated and expected that it will take at least 3 hours at a rate of $325.00, for
22 a total of $975.00."  (*Id*., ¶ 7).  However, there is no evidence to support this estimate; thus, as
23 previously explained by the Court, "[t]he Court declines to speculate as to time related to this
24 motion simply because Plaintiff elected not to submit billing records through the motion's filing
25 date [].  Instead, the fee award is limited to the established and documented time."  *BMO Harris*
26 *Bank, N.A. v. Chahal Roadlines, Inc, et. al.*, 2024 WL 5195924, at *2 (E.D. Cal. Dec. 23, 2024);
27 *see also Sayta v. Martin*, 2018 WL 4373034, at *5 ("The court will not award attorney's fees
28

11

based on forward-looking estimates that may or may not have turned out to be accurate.").[2]

Based on the foregoing, the undersigned finds the amount of $3,575.00 for 11 hours of work by Attorney Ito at a rate of $325.00 per hour to be reasonable. In addition to attorney's fees, Plaintiff seeks the recovery of court costs in the amount of $805.18, which consists of the costs for the Court filing fee and service of process. (Doc. No. 14, ¶ 10). The undersigned finds these costs reasonable.

Accordingly, it is ORDERED:

1. Plaintiff shall mail a copy of these Findings and Recommendations to Defendant at each of their last known addresses and file proof of service within fourteen (14) business days of the date of these Findings and Recommendations.

It is further RECOMMENDED:

1. Plaintiff's motion for default judgment (Doc. No. 12) be GRANTED as set forth herein:

    a. Judgment be entered in favor of Plaintiff BMO Bank, N.A. against Defendant Harjit Singh.

    b. Plaintiff be awarded $115,098.37 in monetary damages.

    c. Plaintiff be awarded interest at the contracted rates of the Agreements: $19.28 per day for each day after April 22, 2025 for Agreement 2001, and $31.37 per day for each day after April 22, 2025 for Agreement 5001, until the entry of final judgment:

    d. Plaintiff be awarded $3,575.00 in attorney's fees and $805.18 in costs.

2. Plaintiff be awarded possession of the following unrecovered Vehicles, and Defendant be directed to return and/or permit Plaintiff to take possession of the subject Vehicles: a 2022 Utility Refrigerated Vans 53' With 2022 Thermo King S600, Vehicle ID No. 3UTVS253XN8706203, and a 2023 Utility Refrigerated Vans 53' With 2022 Thermo King S600, Vehicle ID No. 1UYVS2532P2768318.

---

[2] To the extent Plaintiff seeks attorney fees in connection with the instant motion, Plaintiff must attach billing records to reflect the amount time incurred in connection with the instant motion.

3. Upon sale of the above identified Vehicle in a commercially reasonable manner, the money judgment entered herein be credited with the net sales proceeds.

4. The Clerk be directed to CLOSE this case.

### NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:     June 13, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE